UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL GREGORY GARCIA,<br><br>Defendant. | Case No. 1:19-CR-00038-BLW<br><br>**REPORT AND RECOMMENDATION** |

On March 3, 2020, Defendant Paul Gregory Garcia appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation

REPORT AND RECOMMENDATION - 1

to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government moved for a detention hearing. (Dkt. 4.) The Defendant initially waived the detention hearing and was ordered detained on February 22, 2019. (Dkt. 6, 9.) Defendant filed a motion to reopen detention hearing on May 30, 2019. (Dkt. 20.) Thereafter, the Court was advised that the Defendant had been diagnosed with a terminal disease and the parties proposed stipulated conditions of release. (Dkt. 23.) Defendant has been released on the terms stipulated to by the parties since June 13, 2019. (Dkt. 24.) Defendant has been compliant with the terms of his pretrial release. (Dkt. 36.)

Upon consideration of the totality of the circumstances presented in this case, including the stipulated conditions of release and Defendant's diagnosis, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Paul Gregory Garcia's plea of guilty to Count One of the Indictment (Dkt. 1).

2) The District Court order forfeiture consistent with Defendant Paul Gregory Garcia's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement.

3) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release (Dkt. 24).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: March 3, 2020

CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE